748

**NELSON et al. v. DOHONEY et al.**

Court of Appeals of District of Columbia.

Submitted November 5, 1928. Decided January 7, 1929.

No. 4763.

Charles H. Merillat, of Washington, D. C., for appellants.

J. B. Flynn, J. L'Hommedieu, and L. C. Garnett, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District in a probate proceeding denying admission to probate of a paper writing dated August 19, 1924, purporting to be the last will and testament of Ellen Doheney, who died September 23, 1926.

At the time of her death, Miss Doheney, who had never married, was more than 80 years of age. She had no property until she was more than 60 years of age, when she came into possession of an estate of about $30,000. The principal beneficiary under her alleged will was a half-sister, Agnes V. Nelson, one of the appellants here. The caveators, appellees here, were nieces and nephews of Miss Doheney.

Among the issues submitted to the jury were the following: (1) Was Ellen Doheney, also known as Ellen Dohoney, at the time of making and subscribing or of the acknowledging by her of the paper writing dated August 19, 1924, of sound and disposing mind and capable of executing a valid deed or contract? (2) Was the paper writing obtained and the execution thereof procured by undue influence of Howard Moran, Agnes Nelson, and Wellington Nelson, or either of them? (3) Was the paper writing obtained or the execution thereof or the subscription thereof procured by fraud, coercion, or duress practiced by Howard Moran, Agnes Nelson, and Wellington Nelson, or either of them?

At the trial the testimony of 18 witnesses for the caveators tended to show that Miss Doheney was of unsound mind at the time of the execution of the alleged will. In addition, Dr. John E. Lynn, who qualified as an expert on mental diseases, testified, in answer to a hypothetical question, that decedent was of unsound mind suffering from senile dementia. There was also testimony which appellees contend tended to prove undue influence.

At the conclusion of all the evidence, the first issue, that is, as to the testamentary capacity of the decedent, was submitted to the jury without objection by caveatees. At the request of caveatees, the court directed the jury to find in their favor the issue relating to fraud and coercion. Caveatees also requested the court to instruct the jury to find a verdict in their favor on the issue relating to undue influence, "on the ground that there was no evidence to submit to the jury as to undue influence." An exception was noted to the refusal of the court to grant this instruction. The jury found lack of testamentary capacity and that the alleged will had been procured through undue influence.

██ As before noted, there was no contention below, nor is there here, that the evidence did not justify the submission to the jury of the issue as to testamentary capacity. The decedent, lacking testamentary capacity, could not make a valid will. Therefore, the determination of the issue of undue influence could not affect the judgment. This question was determined in Morgan v. Adams, 29 App. D. C. 198, in which the

court said: "The conclusion at which we have arrived renders it unnecessary to consider the errors assigned in respect of the issue of undue influence. The verdict on the issue of testamentary capacity being sufficient to support the judgment, it would not avail appellants if error could be shown on the other. To obtain reversal, error would have to be shown in respect of both. McDermott v. Severe, 25 App. D. C. 276, 282, [Id.] 202 U. S. 600 [26 S. Ct. 709, 50 L. Ed. 1162]."

It may be suggested that where the decedent is shown to have been aged, infirm, and of weak mind, a less degree of proof is required to support a verdict of undue influence than in the case of a person of sound mind. Barbour v. Moore, 10 App. D. C. 30.

The court's charge to the jury correctly stated the law applicable to the case. Having determined all assignments of error which we deem material, we affirm the judgment.

On the motion for a new trial, the court below ruled: "While I do not think that there was any substantial evidence in this case tending to show any undue influence exerted by Mr. Moran or by Mrs. Nelson, yet there was substantial evidence tending to show undue influence on the part of Mr. Nelson, especially in view of the testimony as to the mental condition of the testatrix." This ruling of the trial court is, we think, sustained by the record, and warrants the conclusion that appellants acted in good faith. Costs, therefore, will be assessed against the estate. Tuohy v. Hanlon, 18 App. D. C. 225, 228; Hutchins v. Hutchins, 48 App. D. C. 286.

Affirmed.